UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| ROBERT CURRY, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6:24-CV-021-CHB-CJS |
| ) | |
| v. ) | |
| ) | **ORDER ADOPTING MAGISTRATE** |
| DANIEL AKERS, WARDEN, ) | **JUDGE'S AMENDED REPORT AND** |
| ) | **RECOMMENDATION** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Amended Report and Recommendation ("Recommendation") filed by United States Magistrate Judge Candace J. Smith, [R. 15]. The Recommendation addresses Petitioner Robert Curry's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [R. 14]. Upon an initial review of the petition, Magistrate Judge Smith determined that it may be untimely and ordered Petitioner to show cause as to why it should not be denied as such. [R. 4]. Specifically, she ordered Petitioner to provide further information to determine whether and to what extent the time for filing such a petition had been tolled while Petitioner exhausted his state post-conviction remedies. *Id.* In response, Petitioner acknowledged that, even with such tolling, his petition was untimely. [R. 8]. Nevertheless, he argued that the statute of limitations should be equitably tolled, or the Court should set aside his procedural default on the basis of ineffective assistance of counsel. *Id.* Respondent filed a response in opposition. [R. 13]. The Magistrate Judge considered Petitioner's arguments but ultimately determined that the petition should be denied as untimely, and no certificate of appealability should issue. [R. 15]. Petitioner did not file any objections, and the time to do so has expired. For the reasons set forth

below, the Court will adopt the Magistrate Judge's Recommendation and deny the petition as untimely.

On June 17, 2013, a Harlan County grand jury returned an indictment against Curry on charges of murder, second degree disorderly conduct, menacing, resisting arrest, and being a persistent felony offender. *See* [R. 15, p. 1 (citation omitted)]. He proceeded to trial and was found guilty of intentional murder. *Id.* (citations omitted). On April 16, 2014, he was sentenced to twenty-five years of imprisonment, and a final judgment was entered that day. *Id.* (citations omitted).

Petitioner appealed, and the Supreme Court of Kentucky affirmed his conviction on February 18, 2016. *Id.* (citation omitted). On December 5, 2016, Petitioner filed a motion in state court to vacate, set aside, or correct his sentence, pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42. *Id.* (citation omitted). That motion was denied on August 2, 2018. *Id.* (citation omitted). However, on August 21, 2020, the Court of Appeals of Kentucky remanded the matter to the Harlan Circuit Court to hold an evidentiary hearing. *Id.* (citation omitted). The state court conducted the evidentiary hearing as directed, but ultimately denied the RCr 11.42 motion on November 12, 2021. *Id.* (citation omitted). Petitioner again appealed, and the state court's decision was affirmed on January 27, 2023. *Id.* (citation omitted). After a Petition for Rehearing was denied, Petitioner sought discretionary review with the state's highest court, which was denied on August 16, 2023. *Id.* (citation omitted).

On February 14, 2024, Petitioner filed his Petition for Writ of Habeas Corpus in this Court. [R. 1]. However, as detailed in the Magistrate Judge's Recommendation, and as conceded by Petitioner, this petition was untimely, even considering the statutory tolling provisions of 28 U.S.C. § 2244(d)(2). *See* [R. 15, pp. 5–6]; [R. 8, p. 3 ("Petitioner cannot dispute the timeliness of the petition.")].

The Magistrate Judge considered whether equitable tolling provisions might apply and whether prior counsel's alleged miscalculation of the deadlines might warrant such tolling. *See* [R. 15, pp. 6–12]. However, given the Supreme Court and Sixth Circuit's repeated warnings that miscalculations of a filing deadline generally do not warrant equitable tolling, and that equitable tolling should be applied sparingly, the Magistrate Judge concluded that equitable tolling did not apply in this case. *Id.* (citations omitted). Moreover, unlike other cases where such tolling did apply based on attorney error, there was no evidence in this case that prior counsel failed to communicate with Petitioner or otherwise ignored Petitioner's requests. *Id.* at 8. The Magistrate Judge also considered whether Petitioner had been abandoned by his prior counsel such that equitable tolling was warranted, but concluded that, under Supreme Court and Sixth Circuit precedent, no such abandonment occurred. *Id.* at 9–11. Lastly, the Magistrate Judge considered whether a "narrow exception" regarding procedural default in an initial-review collateral proceeding might apply, but ultimately concluded that it did not apply in cases like this one, where the issue is not procedural default but rather, untimeliness. *Id.* at 11–12.

The Magistrate Judge's Recommendation advised the parties that any objections must be filed with fourteen days. *Id.* at 14. The time to file objections has passed, and neither party has filed any objections to the Recommendation nor sought an extension of time to do so.

Generally, this Court must make a de novo determination of those portions of the Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495

(6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Recommendation. Accordingly, the Court being otherwise sufficiently advised,

    **IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Amended Report and Recommendation, [**R. 15**], is **ADOPTED** as the opinion of this Court.

2. Petitioner's Petition for Writ of Habeas Corpus, [**R. 1**], is **DENIED**.

3. No certificate of appealability shall issue.

    This the 16th day of October, 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY